[Cite as *In re M.P.*, 2018-Ohio-5035.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106699**

**IN RE: M.P.**

**JUDGMENT:**
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 16116523

**BEFORE:** E.A. Gallagher, A.J., Laster Mays, J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 13, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Ohio Public Defender
BY: Timothy Hackett
Assistant State Public Defender
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: John Farley Hirschauer
        Zen Canaday
Assistant Prosecuting Attorneys
1200 Ontario Street
The Justice Center, 9th Floor
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, A.J.:

**{¶1}** Appellant, M.P., appeals the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, granting the state's motion to invoke the adult portion of M.P.'s serious youthful offender ("SYO") sentence pursuant to R.C. 2152.14(E).

**Facts and Procedural History**

**{¶2}** M.P. was adjudicated delinquent in DL 15112588 for aggravated robbery with a firearm specification. In DL 16116523, M.P. was adjudicated delinquent for felonious assault and assault. The felonious assault charge included a serious youthful offender specification.

**{¶3}** The juvenile court proceeded to a joint hearing for disposition and sentencing for both cases on November 28, 2016. In DL 15112588, the trial court imposed a one-year minimum commitment to the Ohio Department of Youth Services ("ODYS") for the aggravated

robbery offense. The trial court also imposed a two-year commitment to ODYS on the attached firearm specification and ordered M.P. to serve that two-year commitment prior to and consecutive with the one-year minimum commitment on the underlying aggravated robbery offense. The court specified that the maximum commitment in DL 15112588 was until M.P. reached the age of 21.

{¶4} In DL 16116523 the court imposed a blended sentence for the felonious assault charge. M.P. received a one-year minimum commitment to ODYS with a maximum commitment until M.P. reached the age of 21. For the adult portion of the sentence, the court imposed a stayed prison term of four years. The court specified that the one-year juvenile commitment for felonious assault would run consecutive to the commitment imposed in DL 15112588 for a cumulative four-year minimum commitment to ODYS. M.P. was sentenced to time served on the assault count.

{¶5} Less than a year later, on August 28, 2017, the state filed a motion to invoke the adult portion of M.P.'s sentence due to his conduct in ODYS. The juvenile court held a hearing on the motion on November 7, 2017. M.P.'s attorney stipulated that M.P. was at least 14 years old, that he was in the institutional custody of ODYS, and that he was serving the juvenile portion of a serious youthful offender disposition in DL 16116523. The juvenile court heard evidence on the state's motion, concluded that M.P. was unlikely to be rehabilitated during the remaining portion of juvenile jurisdiction, and granted the state's motion to invoke the adult portion of M.P.'s sentence in DL 16116523.

**Law and Analysis**

**I. Compliance with R.C. 2152.14**

{¶6} We find M.P.'s first and second assignments of error to be dispositive of the present

appeal and consider them jointly. In his first assignment of error, M.P. argues that the trial court committed plain error when it invoked the adult portion of his SYO sentence because the required statutory elements of R.C. 2152.14 were not satisfied. In his second assignment of error, M.P. argues that his trial counsel provided ineffective assistance of counsel when he stipulated that M.P. was serving the juvenile portion of a serious youthful offender disposition at the time.

{¶7} R.C. 2152.14(E) governs under what instances a juvenile court may invoke the adult portion of a serious youthful offender's sentence for failure to successfully complete a traditional juvenile disposition. *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 31. R.C. 2152.14(E) provides:

> (1) The juvenile court may invoke the adult portion of a person's serious youthful offender dispositional sentence if the juvenile court finds all of the following on the record by clear and convincing evidence:
>
> (a) The person is serving the juvenile portion of a serious youthful offender dispositional sentence.
>
> (b) The person is at least fourteen years of age and has been admitted to a department of youth services facility, or criminal charges are pending against the person.
>
> (c) The person engaged in the conduct or acts charged under division (A), (B), or (C) of this section, and the person's conduct demonstrates that the person is unlikely to be rehabilitated during the remaining period of juvenile jurisdiction.

{¶8} In this instance the record reflects that M.P. was not serving "the juvenile portion of a serious youthful offender dispositional sentence" at the time the state filed its motion or at the time of the hearing on this matter. The juvenile court's journal entry of November 8, 2017, wherein the court terminated the juvenile portion of M.P.'s sentence and imposed his previously stayed adult prison term of four years in DL 16116523, stated that as of that date M.P. had been

held in detention for a total of 551 days. Therefore, pursuant to the consecutive commitments set forth by the juvenile court in accordance with R.C. 2152.17(F), M.P. had not completed his minimum commitment under DL 15112588 at the time the court sought to invoke the adult portion of his SYO sentence in DL 16116523. Because DL 15112588 did not include a serious youthful offender dispositional sentence, the court was without statutory authority under R.C. 2152.14(E)(1)(a) to impose M.P.'s stayed adult sentence in DL 16116523.

{¶9} The state seeks for this court to amend the plain language of R.C. 2152.14(E)(1)(a) to encapsulate juvenile defendants such as M.P. who are serving multiple juvenile commitments consecutively such that those defendants would be eligible for the invocation of an adult sentence at any time, regardless of whether the sentence they were currently serving qualifies as an SYO sentence. However, the statute provides no such authority. "[T]he intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly * * * there is no occasion to resort to other means of interpretation." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 12. Furthermore, it is generally mandated that the sections of the Revised Code defining offenses or penalties "shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). We find no basis in this instance to expand the language of R.C. 2152.14(E) to encompass the unique situation presented in this case. Prior decisions interpreting the applicability of R.C. 2152.14(E) have been similarly strict. *See*, *e.g.*, *In re J.S.*, 8th Dist. Cuyahoga No. 96637, 2011-Ohio-6280 (refusing to find R.C. 2152.14(E) satisfied where a juvenile committed rape while serving a void SYO commitment); *In re N.G.*, 3d Dist Hancock No. 5-13-35, 2014-Ohio-3190 (refusing to find R.C. 2152.14(E) satisfied where a juvenile's violation occurred while he was receiving treatment at a facility that was not statutorily

a ODYS facility).

{¶10} Finally, we find that M.P.'s counsel below provided ineffective assistance of counsel when he stipulated to the fact that M.P. was serving the juvenile portion of a serious youthful offender dispositional sentence. "Generally, the decision to enter into stipulations is a tactical decision that 'falls within the wide range of reasonable professional assistance.'" *State v. Hammen*, 5th Dist. Stark No. 2012-CA-00009, 2012-Ohio-3628, ¶ 16, quoting *State v. James*, 3d Dist. Allen No. 1-10-20, 2010-Ohio-5411, ¶ 16. Trial counsel's decision to stipulate to uncontested facts constitutes ineffective assistance only if it results in prejudice to appellant. *Hammen* at ¶ 16. "Absent a showing that counsel failed to research the facts or the law, or that he was ignorant of a crucial defense when he or she made a tactical choice, a reviewing court will defer to counsel's judgment in the matter." *In re D.R.*, 8th Dist. Cuyahoga No. 90067, 2008-Ohio-46, ¶ 106, citing *In re J.H.*, 6th Dist. Lucas County No. L-97-1461, 1998 Ohio App. LEXIS 3923 (Aug. 28, 1998).

{¶11} In this instance, M.P. was plainly prejudiced by his counsel's erroneous stipulation and counsel's error cannot possibly be categorized as a "legitimate tactical decision" or "trial strategy."[1]

{¶12} M.P.'s first and second assignments of error are sustained.

{¶13} The judgment of the juvenile court is reversed.

{¶14} Case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1] We note that even if M.P.'s counsel's stipulation did not amount to ineffective assistance of counsel, at least one other court has held that a similarly erroneous R.C. 2152.14(E) stipulation did not relieve the trial court of its legal duty to make the correct statutory finding. *In re N.G.*, 3d Dist Hancock No. 5-13-35, 2014-Ohio-3190, ¶ 9.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
ANITA LASTER MAYS   J., CONCUR