[Cite as *In re J.P.*, 2022-Ohio-2102.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

IN THE MATTER OF:

J.P.

**CASE NO. 2021-L-104**

Criminal Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2018 IN 00024

## O P I N I O N

Decided: June 21, 2022
Judgment: Reversed and remanded

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Appellee, the state of Ohio).

*Eric J. Cherry*, Bartos & Company, LPA, 20220 Center Ridge Road, Suite 160, Rocky River, OH 44116 (For Appellant, J.P.).

MARY JANE TRAPP, J.

{¶1}    Appellant, J.P., appeals from the judgment of the Lake County Court of Common Pleas, Juvenile Division, which invoked the stayed adult portion of his Serious Youthful Offender ("SYO") sentence after he was convicted of grand theft, aggravated riot, and assault in two unrelated cases in Cuyahoga County. J.P was adjudicated as a delinquent and a SYO sentence was imposed after he entered an admission to one count of complicity to aggravated robbery when he was 14 years of age. J.P. was never admitted to a department of youth services ("DYS") facility. The Cuyahoga County criminal charges had been resolved, and J.P. did not have any other criminal charges

pending against him at the time the trial court invoked the stayed SYO sentence that is the subject of this appeal.

{¶2} J.P. raises two assignments of error on appeal, in which he contends the trial court (1) lacked the statutory authority to impose the SYO portion of his sentence, and (2) abused its discretion by ordering his SYO sentence to be served consecutively without modification and without a contemporaneous sentencing analysis.

{¶3} After a careful review of the record and pertinent law, we find J.P.'s first assignment of error to be with merit. At the outset, we note that the state concedes J.P.'s first assignment of error and requests this court to vacate J.P.'s sentence. Pursuant to R.C. 2152.14(E)(1)(b), the trial court was required to find, by clear and convincing evidence, that J.P. was either admitted to a DYS facility or had pending criminal charges against him, neither of which were present in this case at the time the state filed its motion to invoke or at the time of the hearing. Thus, we agree with the parties that the trial court lacked the statutory authority to invoke J.P.'s adult sentence, and we vacate the consecutive eight-year term of imprisonment.

{¶4} Finding J.P.'s first assignment of error dispositive, we decline to address J.P.'s second assignment of error since any error in sentencing him to a consecutive sentence "without modification and without a contemporaneous sentencing analysis" is rendered moot by our determination to vacate J.P.'s sentence.

{¶5} The judgment of the Lake County Court of Common Pleas, Juvenile Division, is reversed and remanded.

## Substantive and Procedural History

{¶6} In January 2018, a delinquency complaint was filed in the Lake County Court of Common Pleas, Juvenile Division, charging J.P., who was 14 years of age, with

2

complicity to aggravated robbery, a first-degree felony, in violation of R.C. 2923.03(A)(2) and R.C. 2911.01, and complicity to kidnapping, a second-degree felony, in violation of R.C. 2923.03(A)(2) and R.C. 2905.01.

{¶7} In early March 2018, the court held a hearing on the state's "Notice of Intent to Seek a Serious Youthful Offender Specification/Dispositional Sentence." J.P. signed a written admission to complicity to aggravated robbery in violation of R.C. 2923.03(A)(2) and R.C. 2911.01, a first-degree felony, with a SYO specification pursuant to R.C. 2152.11. He admitted that he aided and abetted another in committing an aggravated robbery in Willowick, Ohio. The court accepted his plea, classified him as a SYO pursuant to R.C. 2152.11, and set the matter for sentencing.

{¶8} Later that month, the court sentenced J.P. to an eight-year term of adult imprisonment that it stayed pending successful completion of his juvenile disposition. His juvenile disposition consisted of a stayed sentence of at least one year at a DYS institution, provided J.P. successfully complete the court's Intensive Community Rehabilitation ("ICR") Program, and community control with various conditions, including a 90-day placement in a juvenile detention facility.

{¶9} In February 2019, J.P.'s probation officer, John Zinnicker ("Mr. Zinnicker"), filed a "Motion to Impose Dispositions," which alleged that J.P. violated his community control by testing positive for THC. Two weeks later, the court filed a judgment entry continuing the probable cause hearing on the motion due to pending charges against J.P. in the Cuyahoga County Court of Common Pleas, Juvenile Division.

{¶10} Several months later, the state filed a motion to invoke J.P.'s SYO adult sentence due to the felony charges in the Cuyahoga County case, specifically, grand theft

3

with a firearm specification, breaking and entering with a firearm specification, vandalism with a firearm specification, and possessing criminal tools.

{¶11} Later that year, in October, the state filed a notice of dismissal as to both the motion to invoke and the motion to impose due to a change in circumstances.

{¶12} In May 2021, the state filed a second "Motion to Invoke the Serious Youthful Offender Stayed Adult Sentence," alleging there was reasonable cause to believe that J.P. committed an act that violated his conditions of supervision and that could be charged as a felony or first-degree misdemeanor offense of violence if committed by an adult or engaged in conduct that created a substantial risk to the safety or security of the community or the victim. The state also asserted that J.P. had pleaded guilty in the adult felony division of the Cuyahoga County Common Pleas for the charges of grand theft, a first-degree felony, and in a separate case that arose from his detention in the Cuyahoga County detention center, aggravated riot, a fourth-degree felony. J.P. was serving a six-year aggregate prison sentence in those cases, with an expected release date of September 23, 2025.

{¶13} The trial court held a hearing on the state's motion in August 2021. J.P.'s probation officers, Mr. Zinnicker and Matthew Tucker ("Mr. Tucker"), testified. Mr. Tucker replaced Mr. Zinnicker in July 2019 as J.P.'s probation officer. He explained that J.P. was not in a program at a DYS facility but on "regular probation from the ICR program." Mr. Tucker also testified to various filings in J.P.'s Cuyahoga County cases, reviewing that J.P. had pleaded guilty to grand theft after stealing from a gun shop in Cleveland and to aggravated riot from his time at the Cuyahoga County detention center.

{¶14} Mr. Zinnicker, who was J.P.'s probation officer from March 2018 to July 2019, testified that he discovered from J.P.'s mother that J.P. had committed several

4

criminal offenses while on community control. J.P.'s mother had called him in February 2018 and asked Mr. Zinnicker to come to her house because there were 12 to 15 ATF (Bureau of Alcohol, Tobacco, Firearms, and Explosives) agents surrounding the house and J.P. had been implicated in the robbery of a gun store. J.P. had been in the Lake County Juvenile Detention Center from January 2018, while he was awaiting disposition, until September 2018, when he completed his 90-day program as part of his community control. The state admitted into evidence several filings from the Cuyahoga County cases reflecting J.P.'s guilty pleas and sentences.

{¶15} The court granted the state's motion to invoke the adult portion of J.P.'s sentence, finding the state met its burden of proof, and sentenced J.P. to a definite term of eight years' imprisonment on the count of complicity to aggravated robbery to be served consecutively to the aggregate six-year prison sentence J.P. was currently serving that was imposed in the Cuyahoga County cases.

{¶16} J.P. raises two assignments of error on appeal:

{¶17} "[1.] The trial court lacked statutory authority to impose the Serious You[t]h Offender Sentence.

{¶18} "[2.] The trial court abused its discretion by invoking appellant's SYO sentence as a consecutive penalty, without modification and without a contemporaneous sentencing analysis."

**Invocation Proceedings**

{¶19} Because J.P.'s first proposition of law involves a question of law, i.e. whether the trial court had the statutory authority to invoke the adult portion of his SYO sentence pursuant to R.C. 2152.14(E), our review is de novo. *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, ¶ 3. Further, we review a trial court's decision to

5

impose the adult portion of a SYO sentence for an abuse of discretion. *Id.* at ¶ 9; *see In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 82 (noting that the juvenile court "has the discretion not to invoke the adult sentence" under Ohio's serious-youthful-offender scheme); *In re Raheem L.*, 2013-Ohio-2423, 993 N.E.2d 455, ¶ 17 (1st Dist.) (Cunningham, P.J., dissenting) (noting that "the juvenile court has the discretion to avoid invoking the adult penalty"). An abuse of discretion is the trial court's failure to exercise sound, reasonable, and legal decision-making. *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

### R.C. 2152.14

**{¶20}** In his first assignment of error, J.P. contends the trial court lacked statutory authority pursuant to R.C. 2152.14(E) to impose a SYO sentence. More specifically, J.P. argues the state failed to meet the requirements of R.C. 2152.14(E)(1)(b) because he was never admitted to a DYS facility and did not have criminal charges pending against him at the time of the hearing since the cases in Cuyahoga County were already resolved. The state concedes the error and requests this court to vacate J.P.'s sentence.

**{¶21}** R.C. 2152.14(E) governs under what instances a juvenile court may invoke the adult portion of a SYO's sentence for failure to successfully complete the traditional juvenile disposition. The statute requires a finding by clear and convincing evidence that the juvenile is "unlikely to be rehabilitated during the remaining period of juvenile jurisdiction" and that the juvenile has engaged in further bad conduct pursuant to R.C. 2512.14. Pursuant to R.C. 2152.14(E):

**{¶22}** "(1) The juvenile court may invoke the adult portion of a person's serious youthful offender dispositional sentence if the juvenile court finds all of the following on the record by clear and convincing evidence:

6

Case No. 2021-L-104

{¶23} "(a) The person is serving the juvenile portion of a serious youthful offender dispositional sentence.

{¶24} "(b) The person is at least fourteen years of age and has been admitted to a department of youth services facility, or criminal charges are pending against the person.

{¶25} "(c) The person engaged in the conduct or acts charged under division (A), (B), or (C) of this section, and the person's conduct demonstrates that the person is unlikely to be rehabilitated during the remaining period of juvenile jurisdiction."

{¶26} The conduct that can result in the enforcement of an adult sentence includes committing, while in custody or on parole, an act that is a violation of the rules of the institution or the conditions of supervision and that could be charged as any felony or as a first-degree misdemeanor offense of violence if committed by an adult, R.C. 2152.14(A)(2)(a) and (B)(1), or engaging in conduct that creates a substantial risk to the safety or security of the institution, the community, or the victim. R.C. 2152.14(A)(2)(b) and (B)(2).

{¶27} Pursuant to R.C. 2152.14(D), the court may not invoke the adult sentence without another hearing, and the juvenile has the right to counsel and to present evidence on his behalf. In fact, the right to counsel cannot be waived. *Id.* Furthermore, the adult portion of the sentence invoked as a result of the evidence may be more lenient, though not more severe, than the original stayed sentence. *See* R.C. 2152.14(E)(2).

{¶28} As the Supreme Court of Ohio explained in *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, "[t]he statutory scheme establishes that a juvenile subject to serious-youthful-offender status, despite the carrot/stick of the possible imposition of an adult sentence, remains squarely in the juvenile court system. The

7

juvenile cannot be sent directly to an adult facility for the acts that led to his serious-youthful-offender status. The juvenile court retains jurisdiction. The juvenile would have to engage in separate conduct detrimental to his own rehabilitation in the juvenile system to be committed to an adult facility. The aims of the juvenile system—and its heightened goals of rehabilitation and treatment—control his disposition. To get the rehabilitative benefit of the juvenile system, the juvenile's case must remain in juvenile court." *Id.* at ¶ 38.

**{¶29}** We agree with the parties that the trial court was unable to find that the requirements in R.C. 2152.14(E)(1)(b) were met because J.P. was neither admitted to a DYS facility nor had criminal charges pending against him. The state did not file its motion to invoke until *after* J.P. was sentenced in the Cuyahoga County cases. Thus, those cases were no longer "pending."

**{¶30}** Prior decisions interpreting the applicability of R.C. 2152.14(E) have been strictly construed against the state, vacating a juvenile's sentence where the requirements of the statute have not been met. Thus, in *In re M.P.*, 2018-Ohio-5035, 126 N.E.3d 292 (8th Dist.), the Eighth District reversed the judgment of the juvenile court, which sentenced a juvenile who was not serving "the juvenile portion of a youthful offender dispositional sentence" at the time the state filed its motion or at the time of the hearing. *Id.* at ¶ 8. The juvenile was serving multiple commitments consecutively; however, the sentence he was serving at the time did not include a SYO disposition with a stayed adult sentence. *Id.* at ¶ 8-9. Thus, the court was without statutory authority pursuant to R.C. 2152.14(E)(1)(a) to impose the juvenile's adult sentence from another commitment. *Id.* at ¶ 8.

8

Case No. 2021-L-104

{¶31} Similarly, in *In re J.S.*, 8th Dist. Cuyahoga No. 96637, 2011-Ohio-6280, the Eighth District found the requirements of R.C. 2152.14(E) could not be satisfied where a juvenile committed rape while serving a void SYO commitment. *Id.* at ¶ 16. The Eighth District had determined that his original sentence was contrary to law and thus void, entitling him to be resentenced. *Id.* at ¶ 14. The juvenile was resentenced, and the state moved to invoke his adult sentence. *Id.* However, the trial court did not journalize the resentencing entry until the day it invoked the adult sentence. *Id.* Thus, the juvenile was serving a void sentence when his adult sentence was invoked, which was also, by extension, void. *See id.* at ¶ 16.

{¶32} Likewise, in *In re N.G.*, 3d Dist. Hancock No. 5-13-35, 2014-Ohio-3190, the Third District determined the juvenile's invoked adult sentence was void because the juvenile was not admitted to a DYS facility at the time the adult portion of the sentence was invoked pursuant to R.C. 2152.14(E)(1)(b). *Id.* at ¶ 12. A treatment facility was not the equivalent of detention at a DYS facility. *Id.* at ¶ 11. Just as in this case, the juvenile had not been committed to a DYS facility, his commitment was suspended, and he was placed in a treatment facility, followed by probation after successful completion of the treatment program. *Id.* at ¶ 12. Because the statutory requirements for invoking the adult portion of a blended sentence were not met, the sentence invoking the adult portion was contrary to law and void. *Id.*

{¶33} J.P. was similarly sentenced to a suspended detention at a DYS facility, placed in an ICR program, and, upon completion, placed on community control. At the time the state filed its motion and at the time of the hearing, no criminal charges were pending against J.P. Therefore, based on these facts, the trial court erred when it invoked the adult portion of J.P.'s SYO sentence because it could not find, by clear and convincing

9

evidence, that the requirements of R.C. 2152.14(E)(1)(b) were met. Thus, we vacate J.P.'s invoked adult sentence of eight years' imprisonment.

{¶34} We decline to address J.P.'s second assignment of error, which deals with the trial court's imposition of his adult sentence "as a consecutive penalty, without modification and without a contemporaneous sentencing analysis," since our disposition of his first assignment of error renders that argument moot. *See* App.R. 12(A)(1)(c); *State v. Gideon*, 165 Ohio St.3d 156, 2020-Ohio-6961, 176 N.E.3d 720, ¶ 26 (an assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court).

{¶35} The judgment of the Lake County Court of Common Pleas, Juvenile Division, invoking the adult portion of J.P.'s sentence and sentencing him to an eight-year consecutive term of imprisonment, is reversed and remanded.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

10

Case No. 2021-L-104