[Cite as *State v. Williams*, 2023-Ohio-4505.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

AHMAREON WILLIAMS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0030**

---

Criminal Appeal from the
Court of Common Pleas, Juvenile Division,
of Mahoning County, Ohio
Case No. 2018 JA 702

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. Victoria Ferry*, Assistant State Public Defender, Office of the Ohio Public Defender, for Defendant-Appellant.

Dated:  December 12, 2023

**HANNI, J.**

{¶1} Defendant-Appellant, Ahmareon Williams, appeals the judgment of the Mahoning County Common Pleas Court, Juvenile Division, lifting a stay of the adult portion of his Serious Youthful Offender (SYO) dispositional sentence. The court invoked the stayed portion of the SYO adult sentence and ordered Appellant transferred to the Ohio Department of Rehabilitation and Correction (ODRC) to serve 72 months in prison. For the following reasons, Appellant's assignments of error lack merit and we affirm the juvenile court's judgment.

{¶2} On June 4, 2018, the Youngstown Police Department filed a complaint in juvenile court alleging that Appellant was a delinquent child for committing aggravated robbery in violation of R.C. 2152.02(C), a felony of the first degree if committed by an adult. A gun specification in violation of R.C. 2941.145 and R.C. 2152.17 accompanied the charge.

{¶3} On January 2, 2019, the juvenile court filed its judgment entry accepting Appellant's admission to an amended charge of second degree kidnapping in violation of R.C. 2905.01, with a gun specification. The court had reviewed the charges with Appellant, informed him of his rights, and found that Appellant knowingly, intelligently, and voluntarily waived his rights and entered the admission.

{¶4} The juvenile court proceeded immediately with disposition after Appellant waived his right to a separate dispositional hearing. The court found that Appellant was 16 years old[1] at the time of the offense and he was a SYO under R.C. 2152.11. The court committed Appellant to the Ohio Department of Youth Services (DYS) for an indefinite term of 12 months to his twenty-first birthday. The court also committed Appellant to DYS for a mandatory 36-month period on the gun specification, to be served prior to and consecutively with the kidnapping disposition.

{¶5} The juvenile court further held that it had discretion under R.C. 2152.11(A)(2) and 2151.11(D)(2)(a) to impose an adult sentence and suspend that sentence if Appellant successfully completed his juvenile commitment. The court found that Appellant was subject to a mandatory adult prison term under R.C. 2929.13(F),

---

[1] The court issued an amended judgment entry on January 24, 2019 identical to the January 9 judgment entry, except it corrected the written word "fifteen" stated as Appellant's age, which was actually sixteen.

imposed a 6-year adult sentence, and held that in abeyance provided that Appellant successfully completed his juvenile commitment.

{¶6}   On November 17, 2021, the court held a hearing and released Appellant to parole supervision.  The court and the DYS parole office continued to monitor Appellant's progress through April 2022.

{¶7}   On May 2, 2022, Appellant's DYS parole officer filed a charge of delinquency against Appellant, who was now 19 years old.   The charge alleged that Appellant violated his parole terms after a warrant was issued by the Farrell, Pennsylvania Police Department for kidnapping.  Appellant was appointed counsel and he denied the charges at his arraignment.

{¶8}   On August 22, 2022, the Mahoning County Juvenile Prosecutor filed a motion to invoke the suspended portion of Appellant's dispositional sentence under R.C. 2152.14.  The court held a hearing on the motion with Appellant, his counsel, the assistant prosecutor, Appellant's parents, and Appellant's parole officer present.  At the hearing, Appellant's parole officer, Renee Blashak, and the victim of the charges in Pennsylvania testified.

{¶9}   On January 4, 2023, the juvenile court issued a judgment entry outlining Appellant's case and the testimony presented at the hearing.  The court found the testimony of Officer Blashak and the victim credible and took judicial notice of the charges filed against Appellant in Pennsylvania.

{¶10}  The court reviewed caselaw and the requirements under R.C. 2152.14(E) to invoke the stayed portion of the SYO sentence.  It cited *In re J.C.*, 8th Dist. Cuyahoga No. 110394, 2021-Ohio-4313, and noted that a SYO dispositional sentence may be invoked if the juvenile is:  at least 14 years old, serving the juvenile portion of the SYO, and on parole with DYS.  The court found by clear and convincing evidence that Appellant was age 20 at the time of the new charges and would turn 21 in four months.

{¶11}  The court reviewed the new charges of kidnapping, use of a firearm without a license, conspiracy to kidnap and to inflict terror or injury, robbery, or threats to commit robbery, theft by law, and aggravated assault.  The court found by clear and convincing evidence that Appellant was serving parole with DYS at the time of the incident, he had

pending charges against him, and it was unlikely that he would be rehabilitated within the five months remaining of juvenile jurisdiction.

**{¶12}** The court lifted the stay of the adult portion of Appellant's prison sentence and invoked the adult portion of the SYO commitment. The court ordered Appellant transferred to ODRC to serve 72 months in prison, with credit for time served.

**{¶13}** On February 21, 2023, Appellant filed a pro se notice of appeal. Through counsel, he filed a brief alleging three assignments of error.

**{¶14}** Since Appellant's first and second assignments of error concern the same statute, we address them together.

**{¶15}** In his first assignment of error, Appellant asserts:

**The juvenile court erred when it determined that Ahmareon engaged in conduct that created a substantial risk to the safety or security of the community or victim. RC. 2152.14(E)(1)(c). (1.4.23 Judgment Entry).**

**{¶16}** In his second assignment of error, Appellant asserts:

**The juvenile court erred when it determined, in the absence of clear and convincing evidence, that Ahmareon was unlikely to be rehabilitated during the remainder of the court's jurisdiction. R.C. 2152.14(E)(1)(c). (1.4.23 Judgment Entry).**

**{¶17}** Both assignments of error concern juvenile court findings required by R.C. 2152.14(E)(1)(c) in order to invoke the stayed adult portion of Appellant's SYO dispositional sentence. R.C. 2152.14(E)(1) provides that:

The juvenile court may invoke the adult portion of a person's serious youthful offender dispositional sentence if the juvenile court finds all of the following on the record by clear and convincing evidence:

(a) The person is serving the juvenile portion of a serious youthful offender dispositional sentence.

(b) The person is at least fourteen years of age and has been admitted to a department of youth services facility, or criminal charges are pending against the person.

(c) The person engaged in the conduct or acts charged under division (A), (B), or (C) of this section, and the person's conduct demonstrates that the person is unlikely to be rehabilitated during the remaining period of juvenile jurisdiction.

{¶18}  In his first assignment of error, Appellant contends that at the time of the hearing, charges were only pending in Pennsylvania and he was in the process of litigating them.  He cites *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954), and contends that "clear and convincing evidence" is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."   He also quotes *State v. Otten*, 33 Ohio App.3d 340, 515 N.E.2d 1009 (9th Dist. Wayne 1986), for the manifest weight standard of review, asserting that we must "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered."

{¶19}  Appellant submits that no evidence established that he engaged in misconduct or behavior that threatened the safety or security of the community or the victim.  He notes that the only evidence presented was the docket of the charges filed against him in Pennsylvania.  He argues that the standard for filing a complaint is probable cause, which is less than the standard required to invoke a SYO adult sentence.

{¶20}  He further asserts that the victim's testimony in the Pennsylvania case must be viewed in the context of pending charges and not a conviction.  He explains that the victim had charges lodged against him in Pennsylvania for sexually assaulting Appellant's sister.  The incident resulting in the charges against Appellant in Pennsylvania stemmed from allegations that he met with the victim who allegedly sexually assaulted his sister, took him to more than one location at gunpoint, made threats to kill him, and stole the victim's cell phone.

**{¶21}** Appellant contrasts the victim's testimony against him with the reports of his time spent in DYS, where he received the highest level of good behavior, showed a commitment to growth, and completed community service. He notes that the court granted him early release based on his "remarkable" accomplishments and the "great steps he had taken."

**{¶22}** The proper standard of appellate review here is abuse of discretion. *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 82 (the juvenile court "has the discretion not to invoke the adult sentence" under Ohio's SYO scheme); *In re J.P.,* 11th Dist. Lake No. 2021-L-104, 2022-Ohio-2102, ¶ 19 (citations omitted). Abuse of discretion "implies that the court's attitude is unreasonable, unconscionable, or arbitrary." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶23}** A disposition under the SYO constitutes a "'blended' sentence: a traditional juvenile disposition and a stayed adult sentence." *In re D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 2, citing R.C. 2152.13(D)(2). The adult dispositional sentence is stayed pending a juvenile's successful completion of the juvenile portion of the disposition. *Id.* at ¶ 30, quoting R.C. 2512.13(D)(2)(a)(iii).

**{¶24}** Thus, to lift the stay of the adult portion of the SYO dispositional sentence and invoke the adult portion, the court must find all of the criteria set forth in R.C. 2152.14(E)(1) on the record by clear and convincing evidence. The standard of clear and convincing is less than the standard of beyond a reasonable doubt, but it constitutes more than the preponderance of the evidence. *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, ¶ 20. Clear and convincing evidence is found when the evidence "'will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶25}** While Appellant asserts that a manifest weight standard applies, "Ohio courts of appeal that have reviewed a trial court's clear-and-convincing conclusions in other contexts will not disturb that conclusion when it is supported by evidence that is legally sufficient to satisfy the clear and convincing standard of proof." *In re M.M.,* 3d Dist. Allen No. 1-17-56, 2018-Ohio-1110, ¶ 16, citing *e.g., Cross, supra,* at 477; *State v. James*, 3d Dist. Van Wert No. 15-00-02, 2000 WL 681646, *2 (May 25, 2000); *In re*

*Gambrel*, 3d Dist. Logan Nos. 8-02-32 and 8-02-33, 2003-Ohio-1025, ¶ 6. In considering a sufficiency of the evidence challenge, "the test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶26} Here, the juvenile court cited R.C. 2152.14(E) and found that Appellant was over 14 years old and serving the juvenile portion of his SYO dispositional sentence as he was on parole/early release from DYS. This finding is supported by the testimony of Officer Blashak. (Tr. at 13, 16). The court also cited its prior granting of Appellant's early release from DYS and placement on parole. These findings are supported by the record and meet R.C. 2152.14(E)(1)(a) and the age requirement of R.C. 2152.14(E)(1)(b).

{¶27} The juvenile court further found that Appellant incurred new charges in Pennsylvania, which included kidnapping, use of a firearm without a license, conspiracy to kidnap and to inflict injury or terror, robbery or threaten to commit robbery, theft by law, and aggravated assault. The court found that the new charges included first, second, and third-degree felonies, as well as a misdemeanor of the second degree. The court took judicial notice of the charges as they were attached to Appellee's motion to invoke the adult portion of the SYO dispositional sentence. The filing of charges in Pennsylvania against Appellant is supported by the record through both the testimony of Officer Blashak and the court summary from the Pennsylvania court showing the various charges.

{¶28} Appellant asserts that clear and convincing evidence is lacking to show that he engaged in conduct that created a substantial risk to his community. He contends that he was merely charged in Pennsylvania and those charges are still pending against him and will be litigated. He concludes that because only probable cause is required to file charges, this constitutes less than clear and convincing evidence and therefore does not meet the requisite evidence that he "engaged in the conduct charged under division (A), (B), or (C) of R.C. 2152.14(E)(1)." He submits that the testimony of the witnesses should be viewed in the context of probable cause. He further argues that Mr. Jackson's testimony should be viewed as suspect since he was also facing charges in Pennsylvania as to the alleged sexual assault of Appellant's sister.

**{¶29}** First, as Appellee notes, the State relied upon R.C. 2152.14(B) to invoke the adult portion of Appellant's sentence. That section provides in relevant part that:

> The prosecuting attorney may file a motion to invoke the adult portion of the dispositional sentence even if no request is made. The motion shall state that there is reasonable cause to believe that either of the following occurred and shall state that *at least one incident of misconduct of that nature occurred* after the person reached fourteen years of age:
>
> (1) The person committed an act that is a violation of the conditions of supervision and that could be charged as any felony or as a first degree misdemeanor offense of violence if committed by an adult.
>
> (2) The person has engaged in conduct that creates a substantial risk to the safety or security of the community or of the victim.

[emphasis added]. Appellee's motion asserted that the filing of charges in Pennsylvania against Appellant violated his parole conditions and some of those offenses could be charged as felonies. This meets R.C. 2152.14(E)(1) as R.C. 2152.14(E)(1)(c) states that reasonable cause to believe that *either* subsection 1 or 2 above have occurred, not both.

**{¶30}** Moreover, neither R.C. 2152.14(E) nor R.C. 2152.14(B) requires a conviction to invoke the adult portion of the SYO dispositional sentence. R.C. 2152.14(E)(1)(b) identifies "criminal charges." R.C. 2152.14(E)(1)(c) identifies "conduct or acts charged under division (A), (B), or (C)" of the statute. R.C. 2152.14(B) refers to "one incident of misconduct," and R.C. 2152.14(B)(1) identifies "an act that is a violation of the conditions of supervision and could be charged as any felony or as a first degree misdemeanor offense." Moreover, R.C. 2152.14(B)(2) refers to "conduct" that creates a substantial risk to the community or the victim. Had the legislature wished to limit these statutes to convictions, it would have specified such in the statutes.

**{¶31}** We acknowledge that in *In re T.M.*, 9th Dist. Lorain C.A. No. 22CA011868, 2023-Ohio-2804, the Ninth District Court of Appeals held that clear and convincing evidence was lacking for a juvenile court's invocation of the adult portion of T.M.'s SYO

dispositional sentence. Numerous charges were filed against T.M., including murder of a police officer during a carjacking, arson, aggravated robbery, and kidnapping. *Id.* at ¶ 6. At the invocation hearing, T.M.'s probation officer testified as to the many serious pending charges and her violation of probation conditions. *Id.* at ¶ 10-11. The juvenile court invoked the adult portion of the SYO dispositional sentence based on the charges and the testimony of T.M.'s probation officer that she confessed to murder.

{¶32} The Ninth District reversed, holding that:

> [a]lthough the allegations charged against T.M. are egregious, and a tragedy has indeed occurred, we must recognize they were unsworn allegations at the time of the hearing. Thus, the unsworn allegations made against T.M. and T.M.'s alleged confession, which constituted the only testimony in this matter and was based on hearsay, do not, under these circumstances, establish by clear and convincing evidence that T.M. "engaged in the conduct or acts charged under division (A), (B), or (C) of this section, and [that T.M's] conduct demonstrates that [she] is unlikely to be rehabilitated during the remaining period of juvenile jurisdiction.

*T.M.* is distinguishable from the instant case. Both witnesses testified under oath in Appellant's case. Officer Blashak testified that she was contacted by the Farrell Police Department as to the charges against Appellant. In addition, the first term and condition on Appellant's parole form stated that he would obey all federal, state, and local laws. (Tr. at 12, 14-20). Mr. Jackson, the victim of Appellant's pending charges, testified that he first spoke to Appellant on the phone and then met with him. (Tr. at 31). He testified that Appellant told him that he knew where Mr. Jackson's parents lived and Mr. Jackson perceived that as a threat. (Tr. at 31-32). Mr. Jackson stated he met with Appellant, who would not allow anyone else to meet with them, and when they met, the conversation between them was "cool" and Appellant then asked him to take a walk with him. (Tr. at 33).

{¶33} Mr. Jackson testified that Appellant told him that his cell phone died and he asked to use Mr. Jackson's cell phone. (Tr. at 33). He related that when he handed Appellant his phone, Appellant pulled a gun on him. (Tr. at 33). Mr. Jackson testified that

Appellant made him walk in front of him while Appellant pointed the gun at his back. (Tr. at 33-34). He testified that they walked down a hill and when he told Appellant that he did not sexually assault his sister, Appellant stated that he did not believe him. (Tr. at 34). Mr. Jackson stated that Appellant made him put Appellant's hoodie over his face so he could not see and he then told him that he should kill Mr. Jackson for lying. (Tr. at 34). Mr. Jackson testified that he was scared and they continued to walk to what he thought was a garage, but he was not sure since he still had the hoodie over his face. (Tr. at 35).

{¶34} Mr. Jackson further testified that a truck came and they got in and went to another location. (Tr. at 34-38). He stated that Appellant took the hoodie off of him, made him sit on the floor, and Appellant scrolled through Mr. Jackson's phone. (Tr. at 38-39). Mr. Jackson stated that he charged at Appellant and Appellant dropped the gun and Mr. Jackson grabbed the gun. (Tr. at 39). He testified that they wrestled around and when he secured the gun, Appellant bit him on his back and held the bite until Mr. Jackson was able to get him off of his back. (Tr. at 40-41). He testified that he threw the gun and when he went to retrieve his phone, Appellant picked up the gun and told him that there was one bullet in the gun and he was going to shoot Mr. Jackson in the head. (Tr. at 42). Mr. Jackson related that they shifted to another room and Appellant told him to lay down on his stomach. (Tr. at 42). Mr. Jackson stated that he knew Appellant was going to shoot him, so he sat down, but he turned to his right, then his left, and then got up and ran. (Tr. at 42). Mr. Jackson stated that Appellant did not shoot the gun, so he ran down some steps and thought he was exiting, but ended up in a closet. (Tr. at 43). He related that he and Appellant were fighting again, and he was tugging for the door, when Appellant stopped and went back upstairs. (Tr. at 43). Mr. Jackson testified that he then ran a number of blocks, called his friend to pick him up, and then later called the police and made a statement. (Tr. at 46-55, 58).

{¶35} From this sworn testimony and the charges filed against Appellant, we find that the juvenile court did not abuse its discretion in finding by clear and convincing evidence that R.C. 2152.14(E)(1)(a) and (b) were met, as well as R.C. 2152.14(E)(1)(c) concerning acts charged under R.C. 2152.14(B).

{¶36} The juvenile court then proceeded to find that it granted early release to Appellant because it believed that Appellant had been rehabilitated based upon his DYS

record. However, the court found that Appellant had shown by the new and serious charges that he could not follow parole rules. The court further found that based on the testimony of Officer Blashak and Mr. Jackson, Appellant would unlikely be rehabilitated during the five months remaining in juvenile court jurisdiction.

**{¶37}** The juvenile court did not abuse its discretion by finding clear and convincing evidence that Appellant could not be rehabilitated during the time he had remaining under juvenile court jurisdiction. The court acknowledged that Appellant showed accomplishment in DYS detention. However, the court reasonably concluded that outside of detention, Appellant could not follow supervision conditions and resorted to the same misconduct even though he knew the consequences of failing to comply. The court reasonably concluded that Appellant incurred the very same charge as his original charge of kidnapping with a gun specification, which showed it unlikely that he could be rehabilitated within the next four to five months of juvenile jurisdiction remaining. These findings constitute sufficient evidence to find it unlikely that Appellant could be rehabilitated within the short time remaining under juvenile court jurisdiction.

**{¶38}** Appellant also contends that the juvenile court lacked clear and convincing evidence to find that he engaged in conduct that created a substantial risk to the safety or the security of the community or the victim. He quotes R.C. 2152.14, which provides that one of the factors that a juvenile court must find by clear and convincing evidence to invoke a child's adult SYO sentence is that he engaged in conduct which creates a substantial risk to the safety and security of the community or victim and the misconduct shows that the child is unlikely to be rehabilitated during the time remaining under juvenile court jurisdiction.

**{¶39}** The juvenile court also did not abuse its discretion by finding that Appellant engaged in conduct that created a substantial risk to the safety or the security of the community or the victim. Mr. Jackson's testimony constituted sufficient evidence to find such a substantial risk to both the community and to him. He testified that Appellant blindfolded him, took him by gunpoint to various locations, and threatened to shoot him in the head. Forcing a person to walk blindfolded in public with a firearm pointed at his back and threatening to shoot him in the head suffices to create a substantial risk to both Mr. Jackson and the public at large.

Case No. 23 MA 0030

**{¶40}** Accordingly, Appellant's first and second assignments of error lack merit and are overruled.

**{¶41}** In his third assignment of error, Appellant asserts:

**Ahmareon was deprived of his right to the effective assistance of counsel in juvenile court. Fifth and Fourteenth Amendments to the U.S. Constitution; Article I, Section 16 of the Ohio Constitution**.

**{¶42}** Appellant contends that his trial counsel's performance was deficient because he failed to file a motion to dismiss under Juv. R. 29(F) at the close of the State's case at the invocation hearing. He asserts that counsel should have asserted that the State failed to prove all elements under R.C. 2152.14(E)(1) because no clear and convincing evidence existed that he engaged in conduct creating a substantial risk to the safety of the community or the victim. Appellant also contends that his counsel should have asserted that the State failed to provide clear and convincing evidence that he was not likely to be rehabilitated during the remainder of the court's jurisdiction over him.

**{¶43}** This assignment of error lacks merit. In order to demonstrate the ineffective assistance of counsel, Appellant must show that trial counsel's performance fell below an objective standard of reasonable representation, and prejudice arose from the deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 141-143, 538 N.E.2d 373 (1989), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs must be established: If counsel's performance was not deficient, then there is no need to review for prejudice. Likewise, without prejudice, counsel's performance need not be considered. *State v. Madrigal,* 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

**{¶44}** Juv. R. 29 is entitled "Adjudicatory Hearing," and provides in relevant part:

(F) Procedure upon determination of the issues. Upon the determination of the issues, the court shall do one of the following:

(1) If the allegations of the complaint, indictment, or information were not proven, dismiss the complaint;

(2) If the allegations of the complaint, indictment, or information are admitted or proven, do any one of the following, unless precluded by statute:

(a) Enter an adjudication and proceed forthwith to disposition;

(b) Enter an adjudication and continue the matter for disposition for not more than six months and may make appropriate temporary orders;

(c) Postpone entry of adjudication for not more than six months;

(d) Dismiss the complaint if dismissal is in the best interest of the child and the community.

**{¶45}** Appellant supports his assertion concerning the Juv. R. 29 motion by citing to *Standards of Representation of Clients in Juvenile Delinquency Cases*. He contends that these guidelines, found on the Ohio Public Defender website, state that, "[c]ounsel shall make a Motion to Dismiss pursuant to Juvenile Rule 29(F) at the close of the state's case." *Id.* at 2.

**{¶46}** Counsel's failure to file a Juv. R. 29 motion on the issues advanced by Appellant did not prejudice Appellant because the juvenile court determined these issues at the invocation hearing. R.C. 2152.14(E) provides that a juvenile court may invoke the adult portion of the SYO dispositional sentence if it finds by clear and convincing evidence that the juvenile is serving the juvenile portion of the SYO dispositional sentence; the juvenile is over the age of 14 and criminal charges are pending against him; and the juvenile engaged in acts under R.C. 2152.14(A), (B), or (C); and "the person's conduct demonstrates that the person is unlikely to be rehabilitated during the remaining period of juvenile jurisdiction." The juvenile court made these findings and explained its reasoning. R.C. 2152.14(B) is one of the incidents of misconduct and includes a finding by the court that "(2) The person has engaged in conduct that creates a substantial risk to the safety or security of the community or of the victim." The juvenile court made this finding as well. Accordingly, a motion to dismiss at the invocation hearing was not necessary.

**{¶47}** Moreover, Appellant's third assignment of error lacks merit because we find no merit to Appellant's first and second assignments of error, upon which Appellant's third assignment is based. Thus, counsel was not ineffective by failing to file a Juv. R. 29 motion on issues lacking merit and for which no prejudice resulted to Appellant.

Case No. 23 MA 0030

{¶48} Accordingly, Appellant's third assignment of error lacks merit and is overruled.

{¶49} For the above reasons, Appellant's assignments of error are overruled and the judgment of the Mahoning County Court of Common Pleas, Juvenile Division, is affirmed.

Waite, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Juvenile Division, of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**