**[Cite as *State v. Davis*, 2024-Ohio-3053.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

        PLAINTIFF-APPELLEE,

CASE NO. 1-24-13

v.

GLORIA J. DAVIS,

O P I N I O N

        DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court
Trial Court No. 23CRB02312

Judgment Affirmed

Date of Decision: August 12, 2024

APPEARANCES:

    *Chima R. Ekeh* for Appellant

    *Joseph C. Snyder* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Gloria Davis ("Davis"), brings this appeal from the January 8, 2024 judgment of the Lima Municipal Court sentencing her to 10 days in jail after she was convicted in a bench trial of Assault. On appeal, Davis argues that there was insufficient evidence presented to convict her, that her conviction was against the manifest weight of the evidence, and that she received ineffective assistance of counsel. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On November 8, 2023, Davis was charged with Assault in violation of R.C. 2903.13(A), a first degree misdemeanor. It was alleged that she slapped a Domino's employee after her order was incorrect.

{¶3} Davis pled not guilty to the charge and proceeded to a bench trial. The victim testified at trial and surveillance footage of the incident at Domino's was introduced into evidence. Ultimately the trial court found Davis guilty as charged.

{¶4} As a result of her actions, Davis was sentenced to serve 10 days in jail. A judgment entry memorializing her conviction and sentence was filed January 8, 2024. It is from this judgment that Davis appeals, asserting the following assignments of error for our review.

**First Assignment of Error**

**Appellant's conviction for Assault was not supported by legally sufficient evidence.**

**Second Assignment of Error**

**Appellant's conviction for Assault was against the manifest weight of the evidence.**

**Third Assignment of Error**

**Appellant was denied the effective assistance of counsel.**

*First Assignment of Error*

{¶5} In her first assignment of error, Davis argues that there was insufficient evidence presented to convict her.

Standard of Review

{¶6} "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 1997-Ohio-52; *State v. Groce*, 2020-Ohio-6671, ¶ 6. Therefore, our review is de novo. *In re J.V.*, 2012-Ohio-4961, ¶ 3. In a sufficiency-of-the-evidence inquiry, the question is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow *any* rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus (superseded by constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89, 102, (1997), fn. 4) following *Jackson v. Virginia*, 443 U.S. 307 (1979). "In essence, sufficiency is a test of adequacy." *Thompkins* at 386.

Controlling Statute

{¶7} Davis was convicted of Assault in violation of R.C. 2903.13(A), which reads: "No person shall knowingly cause or attempt to cause physical harm to another[.]"

Evidence Presented

{¶8} On November 1, 2023, Jonathan T. ("Jonathan") was working four p.m. to midnight at Domino's Pizza in Lima. While Jonathan was working, Davis called and placed an order. Davis attempted to order "specialty wings," meaning that the wings would have special toppings on them, but she wanted the wings to be bone-in. Jonathan told Davis that Domino's did not serve specialty bone-in wings, and Davis said "that was fine." (Tr. at 4). Davis's order was prepared and delivered to her residence.

{¶9} After Davis's order was delivered, she called Domino's to state that the order was wrong because she wanted specialty bone-in wings. Jonathan asked his manager if they should remake Davis's order and the manager said yes. The order was remade and again delivered to Davis. Once she received the new order, Davis called Domino's again and stated her order was wrong. Jonathan had Davis talk to his manager, and the decision was made not to remake Davis's order again. Davis called back multiple times and was put on hold once and ignored other times.

{¶10} Shortly thereafter, Davis drove to Domino's and parked directly in front of the store's entrance. Davis entered Domino's holding the box of wings and

a cell phone. She placed the box of wings on the counter. Davis complained to Jonathan about her food and Jonathan informed her that she wanted something that Domino's did not offer. Jonathan told Davis that she would get a refund, but Domino's was not going to remake her order a third time.

{¶11} Davis became aggressive, gesturing as she talked and pounding on the counter. Davis slapped the box of wings she had placed on the counter, overturning the food inside it. Then she extended her arm with her phone in her hand and slapped Jonathan. Davis's hand also hit the monitor attached to the register. Jonathan stated that he was hit under his left breast, and that it hurt, but he was able to continue his shift.

{¶12} Davis dropped her phone when she slapped Jonathan and it fell in the area behind the register. She attempted to get her phone but she was blocked from going behind the register by Jonathan because Jonathan did not know she had dropped her phone. Around this time, a Domino's delivery driver came inside, retrieved Davis's phone for her, and Davis was told to leave the store.

{¶13} Law enforcement officers responded to the scene and spoke with Jonathan and Davis. When an officer spoke with Davis, she claimed that Jonathan had smacked the phone out of her hand and that was the reason she hit him. The officer watched Domino's surveillance footage and determined that Davis was lying as it was clear that Jonathan never hit or attempted to hit Davis. The surveillance footage from multiple angles was introduced into evidence.

Analysis

**{¶14}** Davis contends that the evidence was insufficient to establish beyond a reasonable doubt that she knowingly caused or attempted to cause physical harm to Jonathan. More specifically, she argues that there was no physical manifestation of harm to Jonathan such as a bruise. She also contends that there was no evidence that she was attempting to cause physical harm to Jonathan when she swung at him.

**{¶15}** In support of her argument, Davis cites *State v. Kemper*, 2012-Ohio-5958 (12th Dist.). In *Kemper*, a divided panel reversed a misdemeanor assault conviction where the defendant shoved past the victim to enter a bedroom. The Twelfth District Court of Appeals reasoned that while a shove *could* satisfy the physical harm element of assault, the shove had to be paired with the intent to cause physical harm. The Twelfth District determined that "there is insufficient evidence to establish that Kemper was aware that placing his hands on [the victim's] shoulder to move her aside would probably cause a certain result, mainly physical harm." *Kemper* at ¶ 17.

**{¶16}** *Kemper* is readily distinguishable from the case *sub judice*. The crucial difference between this case and the divided *Kemper* opinion is that Jonathan testified that he was hit in the chest by Davis's hand with her phone in it, and that it "hurt a little bit." (Tr. at 10). Courts have repeatedly held that "the slightest injury is enough proof of physical harm." *E.G. State v. Bailey*, 2023-Ohio-1267, ¶ 20.

Further, a physical manifestation of injury is specifically not necessary for finding that the offender caused physical harm. *Id.*

**{¶17}** Moreover, Davis deliberately swung her arm at Jonathan with her cell phone in her hand. A person acts "knowingly" when she is aware that her conduct will probably cause a certain result. R.C. 2901.22(B). When viewing the evidence in the light most favorable to the State, we can only determine that swinging directly at another individual is likely to cause physical harm such that a reasonable factfinder could determine beyond a reasonable doubt that Davis acted knowingly.

**{¶18}** Finally, the trial court noted that even if it did not find physical harm here, Davis still swung at Jonathan and this could be considered an attempt to cause physical harm under R.C. 2903.13(A). When viewing the evidence in the light most favorable to the State as directed, we agree.

**{¶19}** Having reviewed the record in its entirety, we find that there was not insufficient evidence presented to convict Davis of Assault. Therefore her first assignment of error is overruled.

*Second Assignment of Error*

**{¶20}** In her second assignment of error, Davis argues that even if there was sufficient evidence presented to convict her of Assault, her conviction was against the manifest weight of the evidence.

Standard of Review

**{¶21}** In reviewing whether a verdict was against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and examines the conflicting testimony. *State v. Thompkins*, 1997-Ohio-52. In doing so, this court must review the entire record, weigh the evidence and all of the reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id*.

**{¶22}** Nevertheless, a reviewing court must allow the trier-of-fact appropriate discretion on matters relating to the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

Analysis

**{¶23}** Davis argues that even if there was sufficient evidence presented to convict her of Assault, her conviction was against the manifest weight of the evidence. She argues that the State's version of the event was full of inconsistencies. In addition, she argues that there was no evidence that Jonathan suffered any injuries.

**{¶24}** First, as stated in the prior assignment of error, no physical manifestation of an injury is required to sustain a conviction under R.C. 2903.13(A). Regardless, Jonathan testified that Davis hit him and it hurt. There is no contravening evidence in the record, thus we do not find that the trial court clearly lost its way by accepting Jonathan's testimony.

**{¶25}** Second, while Davis may claim that the State's case was "full of inconsistences," the actual testimony was simple and straightforward and corroborated by the surveillance footage. A trial court's finding of guilt is not against the manifest weight of the evidence because the trial court elected to believe the State's witnesses. *State v. Green*, 2023-Ohio-4360, ¶ 136 (3d Dist.).

**{¶26}** After reviewing the record, we do not find that this is one of the exceptional cases where the evidence weighs heavily against the conviction. Therefore, Davis's second assignment of error is overruled.

*Third Assignment of Error*

**{¶27}** In her third assignment of error, Davis argues that she received ineffective assistance of trial counsel.

Standard of Review

**{¶28}** A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). The failure to prove either prong is fatal. *State v. Madrigal,* 87 Ohio St.3d 378, 389, 2000–Ohio–448. In the event of deficient or unreasonable performance, prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), quoting *Strickland* at 694; *see also*, *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309.

Analysis

**{¶29}** Davis argues that her trial counsel was ineffective because she was not aware that she had the opportunity to testify at trial. She also contends that when she attempted to speak at trial, defense counsel "shushed" her.

**{¶30}** There is simply no basis in the record for either of Davis's claims. The trial transcript does not reflect any misunderstanding of Davis regarding her ability to testify. There is also no indication that Davis was ever "shushed" by her attorney.

**{¶31}** When allegations of ineffective assistance of counsel hinge on facts not in the record, the proper remedy is a petition for postconviction relief. *State v. Sowell*, 2020-Ohio-2938 (8th Dist.). Here, there is nothing for us to review that would support Davis's claims that her trial counsel was ineffective. Therefore, her third assignment of error is overruled.

*Conclusion*

**{¶32}** Having found no error prejudicial to Davis in the particulars assigned and argued, her assignments of error are overruled and the judgment of the Lima Municipal Court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlm**