[Cite as *In re K.M.P.*, 2019-Ohio-4551.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


IN RE: K.M.P.              :         APPEAL NOS. C-180589
                                                  C-180590
                          :         TRIAL NOS. 17-68z
                                                  17-1681z

                          :         *O P I N I O N.*



Appeals From:  Hamilton County Juvenile Court

Judgments Appealed From Are:  Reversed and Causes Remanded

Date of Judgment Entry on Appeal:  November 6, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Ravert J. Clark*, for Appellant K.M.P.

**ZAYAS, Presiding Judge.**

{¶1} K.M.P. appeals the juvenile court's denial of his request for credit toward his adult sentence for the time that he was in detention pending disposition of the delinquency charges. Because we find that K.M.P. was entitled to credit for the time that he was detained awaiting disposition, we reverse the judgment of the trial court.

*Relevant Background*

{¶2} On December 4, 2017, K.M.P. admitted to and was adjudicated delinquent for offenses that constituted aggravated robbery and felonious assault if committed by an adult. In exchange for the admissions, the state withdrew its motions of relinquishment of jurisdiction to the general division of the common pleas court.

{¶3} At the disposition, the juvenile court ordered that K.M.P. be confined to the Department of Youth Services ("DYS") for a total minimum commitment of five years, with the maximum commitment until his 21st birthday, with credit for the 351 days of confinement pending his disposition.

{¶4} The trial court also made the appropriate findings to impose a serious youthful offender ("SYO") dispositional sentence and imposed "a sentence available for the violation, as if the child were an adult, under Chapter 2929. of the Revised Code" in accordance with R.C. 2152.13. R.C. 2152.13(D)(2)(a)(i). The court imposed an aggregate seven-year sentence, with 351 days of credit, which was stayed pending the successful completion of the juvenile disposition.

{¶5} Six days later, K.M.P. was transferred to DYS. He received a total credit of 357 days for the days he served prior to arrival at DYS. This court affirmed

K.M.P.'s adjudication and disposition.

{¶6} In April 2018, the state filed a motion to invoke the adult portion of the dispositional sentence pursuant to R.C. 2152.14. Prior to the hearing on the motion, the parties reached an agreement. K.M.P. stipulated that he was currently serving the juvenile portion of an SYO dispositional sentence, he was 17 years old and had been admitted to a DYS facility, and he had committed acts that demonstrated he was unlikely to be rehabilitated during the remaining period of juvenile jurisdiction.

{¶7} In exchange for the admissions, the state agreed to a two-year reduction of the previously stayed adult sentence whereby the five years on the aggravated robbery and the two years on the felonious assault would be served concurrently instead of consecutively. The court accepted the agreement. K.M.P. requested credit for the 357 days that he was in detention pending disposition of the charges in addition to the 273 days that he was held by DYS, for a total of 630 days. The state argued that under R.C. 2152.14(F), K.M.P. was only entitled to the 273 days that he had been held in DYS under the juvenile portion of his disposition. Although the trial court had previously determined that K.M.P. was entitled to credit for the confinement pending disposition in the SYO sentencing findings, the court denied his request for the credit when it invoked the adult portion of the sentence.

{¶8} On appeal, in a single assignment of error, K.M.P. contends that the juvenile court erred by not crediting the 357 days that K.M.P. was detained pending the resolution of the juvenile complaints as required by R.C. 2152.14(F).

*Law and Analysis*

{¶9} The issue before us presents a question of statutory interpretation. *See In re D.S.*, 148 Ohio St.3d 390, 2016-Ohio-7369, 71 N.E. 3d 223, ¶ 13. R.C. 2152.13

3

governs the imposition of an SYO dispositional sentence and requires the court to impose a dispositional sentence "as if the child were an adult, under Chapter 2929. of the Revised Code." R.C. 2152.13(D)(2)(a)(i). When imposing the dispositional sentence, the juvenile court must determine the number of days that the juvenile had been confined "for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term." R.C. 2929.19(B)(2)(g)(i). R.C. 2967.191 requires the department of rehabilitation and correction to reduce the prison term "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including * * * confinement in a juvenile facility."

{¶10} In this case, the juvenile court followed the statutory mandates and determined the number of days that K.M.P. was confined awaiting adjudication and disposition. The court credited K.M.P. with the 351 days that he had been confined prior to the disposition. After imposing the sentence, the juvenile court stayed the adult portion of the sentence "pending the successful completion of the traditional juvenile disposition." R.C. 2152.13(D)(1)(c). When the juvenile court invoked the stayed sentence because K.M.P. did not successfully complete his juvenile disposition, the judge was merely required to remove the stay. *See In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, ¶ 8.

{¶11} In addition to removing the stay, if the court issues an order invoking the adult sentence, it shall include in the order:

the total number of days that the person has been held in detention or

4

in a facility operated by, or under contract with, the department of youth services under the juvenile portion of the dispositional sentence[,] * * * plus any additional days the person is held in a juvenile facility or in detention after the order is issued and before the person is transferred to the custody of the department of rehabilitation and correction.

R.C. 2152.14(F).

{¶12} In this case, the trial court imposed the stayed adult portion of K.M.P.'s SYO dispositional sentence, which included the credit the court had already calculated for the detention pending adjudication and disposition. In addition to the 351 days of credit contained in the SYO dispositional sentence, the juvenile court was required to give K.M.P. additional credit for the time he was held in DYS while serving the juvenile portion of the dispositional sentence and any days in detention awaiting transfer and include the credit in the order. *See* R.C. 2152.14(F).

## Conclusion

{¶13} Because the trial court did not give K.M.P. credit for the 351 days that he was in detention pending disposition and the six days he was detained prior to his transfer to DYS, we sustain K.M.P.'s assignment of error. We reverse the judgments of the trial court and remand the cause to the juvenile court to properly calculate and award the confinement credit.

Judgments reversed and cause remanded.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

5