[Cite as *In re E.K.*, 2025-Ohio-330.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

IN RE:                                                 CASE NO. 11-24-05

    E.K.,

ADJUDICATED DELINQUENT CHILD.                **O P I N I O N**

**Appeal from Paulding County Common Pleas Court**
**Juvenile Division**
**Trial Court No. 20232036**

**Judgment Affirmed**

**Date of Decision: February 3, 2025**

APPEARANCES:

    *Austin C. Buchholz* **for Appellant**

    *Joseph R. Burkard* **for Appellee**

**WALDICK, P.J.**

{¶1} Juvenile-appellant, E.K., brings this appeal from the July 3, 2024, judgment of the Paulding County Common Pleas court, Juvenile Division. On appeal, E.K. argues that there was insufficient evidence presented to find him to be a delinquent child for multiple counts of Rape, and that his delinquency finding was against the manifest weight of the evidence. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On September 1, 2023, a complaint was filed alleging that E.K. was a delinquent child for committing four counts of Rape. There were two separate alleged victims. Victim 1 was born in January of 2012, while Victim 2 was born in February of 2015. The complaint alleged that between July 1, 2023, and July 31, 2023, E.K. committed Rape against Victim 2 in violation of R.C. 2907.02(A)(1)(b) (Count 1) and in violation of R.C. 2907.02(A)(2) (Count 2). The complaint also alleged that between July 1, 2023, and July 31, 2023, E.K. committed Rape against Victim 1 in violation of R.C. 2907.02(A)(1)(b) (Count 3), and in violation of R.C. 2907.02(A)(2) (Count 4). E.K. denied the charges.

{¶3} An adjudication hearing was held on the allegations on June 10, 2024. Ultimately the trial court determined beyond a reasonable doubt that E.K. committed the offenses of Rape in Counts 1, 3, and 4. The trial court determined

that the State had not established Count 2 beyond a reasonable doubt. E.K. was thus adjudicated a delinquent child. The trial court filed a written entry detailing its analysis on June 24, 2024.

{¶4} Disposition was held July 1, 2024. A final judgment entry was filed July 3, 2024. It is from this judgment that E.K. appeals, asserting the following assignments of error for our review.

**First Assignment of Error**

**Appellant's conviction was not supported by sufficient evidence presented at trial.**

**Second Assignment of Error**

**Appellant's conviction was against the manifest weight of the evidence.**

*First Assignment of Error*

{¶5} In his first assignment of error, E.K. argues that the trial court erred by adjudicating him a delinquent child based on E.K.'s commission of three counts of Rape. E.K. argues that there was insufficient evidence presented to support the adjudications.

Standard of Review

**{¶6}** "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 1997-Ohio-52. Therefore, our review is de novo. *In re J.V.*, 2012-Ohio-4961, ¶ 3. In a sufficiency-of-the-evidence inquiry, the question is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow *any* rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus (superseded by constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89, 102, (1997), fn. 4) following *Jackson v. Virginia*, 443 U.S. 307 (1979). "In essence, sufficiency is a test of adequacy." *Thompkins* at 386.

Controlling Statute

**{¶7}** E.K. was adjudicated a delinquent child for committing two counts of Rape in violation of R.C. 2907.02(A)(1)(b) and one count of Rape in violation of R.C. 2907.02(A)(2). The relevant provisions of R.C. 2907.02 read as follows:

> (A)(1) No person shall engage in sexual conduct with another when any of the following applies:
>
> * * *
>
> (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
>
> * * *

(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.

### Evidence Presented by the State

**{¶8}** E.K. was born in August of 2009. In the summer of 2023, E.K. lived in a residence in Paulding County with his younger sister, his father, his father's girlfriend, and his father's girlfriend's two sons—Victim 1 and Victim 2.

**{¶9}** Victim 1, who was 12 years old at the time of the adjudication hearing, testified that in June or July of 2023, E.K. came into the shower while Victim 1 was bathing. Victim 1 testified that he was scared, so he dropped to the ground in the shower. He testified that E.K. then forced him to "suck his penis." (Tr. at 19). Victim 1 testified that E.K. grabbed the back of his head and made him go back and forth for at least 30 seconds. (*Id*.) Victim 1 testified that he gagged and he did not know why E.K. made him do it. Victim 1 testified that E.K. also stuck his finger in Victim 1's anus.

**{¶10}** Victim 1 testified that approximately a month after the shower incident he heard screaming in the bathroom and he went inside and saw E.K. naked on the floor with Victim 2 in his lap. Victim 2 was nude and only 7 years old at the time. Victim 1 testified that Victim 2 was crying and E.K. was penetrating Victim 2 anally with his penis. Victim 1 testified that he saw E.K. grabbing Victim 2's hips and

pulling him in an up and down motion. Victim 1 testified that at one point E.K. "had white stuff coming out of his penis." (Tr. at 31).

{¶11} Victim 1 testified that E.K. then told him to "Sit on my lap or else I'm going to shoot you with an Orbeez Blaster." (Tr. at 22). Victim 1 testified that E.K. had difficulty penetrating him anally but he ultimately did against Victim 1's will. Victim 1 testified that he told his mother about the incident approximately a week later.

{¶12} After the trial court determined that Victim 2 was competent to testify, Victim 2 testified that E.K. forced him to put E.K.'s penis in his mouth and in his "bottom." (Tr. at 42). He testified that the incidents occurred in the bathroom. He also testified that E.K. penetrated him anally 4 or 5 different times on different days. Victim 2 testified that the incidents might have occurred in 2022 in May. Both Victim 1 and Victim 2 identified private parts on a drawing while in court.

{¶13} After Victim 1 disclosed to his mother, the victims were interviewed by law enforcement and job and family services. When the children were interviewed, they were in the same room together with their mother.

{¶14} Testimony indicated that the children's parents were at work during the alleged incidents. The victims testified that E.K.'s sister was at home during one of the incidents, but she was not at home during the other incident. Victim 1 testified on cross-examination that he told law enforcement that the incidents all began with the victims and E.K. "jerking off in a circle together." (Tr. at 25).

Analysis

{¶15} E.K. argues on appeal that no rational trier-of-fact could have found him guilty of the charges beyond a reasonable doubt. Specifically, he argues that the State failed to prove that "sexual conduct" occurred with regard to all charges, and the State failed to prove the element of "force" for the violations of R.C. 2907.02(A)(2).

{¶16} Contrary to E.K.'s argument, both victims testified to acts that would constitute sexual conduct, and there was clear testimony that the victims were forced to engage in the sexual conduct by E.K. Although E.K. argues that there was no physical evidence to corroborate the testimony of the victims, and that the victims were not credible due to some inconsistencies, these are matters for weight of the evidence rather than sufficiency. In a sufficiency analysis, a reviewing court is not to assess whether the State's evidence should be believed, but whether, if believed, the evidence would support a conviction beyond a reasonable doubt. *State v. Schroeder*, 2019-Ohio-4136, ¶ 59, (4th Dist.) citing *Thompkins* at 390 (Cook, J., concurring).

{¶17} In fact, it is well-settled that a rape conviction may "rest solely on the victim's testimony." *Schroder* at ¶ 84. There is no requirement that a rape victim's testimony be corroborated as a condition precedent to conviction. *Id*. Here, the child-victims testified to sexual conduct perpetrated upon them by E.K. There was also testimony presented by the victims that E.K. used force.

-7-

{¶18} Moreover, while E.K. argues that Victim 2's testimony did not fit the alleged time frame in the indictment, the trial court noted that juveniles can be imprecise regarding the timing of incidents that happened in the past. Regardless of Victim 2's testimony, the older victim, Victim 1, was able to remember the timing with greater clarity, and he specifically observed E.K. raping Victim 2.

{¶19} After reviewing the evidence in its entirety, we find that the evidence is sufficient to establish beyond a reasonable doubt that E.K. committed the allegations of Rape as alleged. Therefore, E.K.'s first assignment of error is overruled.

*Second Assignment of Error*

{¶20} In his second assignment of error, E.K. argues that his delinquency adjudication for Rape was against the manifest weight of the evidence.

Standard of Review

{¶21} In reviewing whether a verdict was against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and examines the conflicting testimony. *State v. Thompkins*, 1997-Ohio-52. In doing so, this court must review the entire record, weigh the evidence and all of the reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* When

applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

Evidence Presented by the Defense

**{¶22}** E.K. testified in this case and specifically denied that any sexual activity occurred. He testified that he had only been in the bathroom at the same time as one of the victims a single time when someone needed a toothbrush. However, he testified that there were times during the summer of 2023 that he was alone with the victims in the residence.

**{¶23}** E.K.'s father testified at the adjudication hearing that the victims never told him about anything sexual, but the victims did complain in the past about E.K. shooting them with the "Orbeez" gun. E.K.'s father testified that there were five cameras in the house, though none of them were in the bathroom in question. E.K.'s father testified that only the victims' mother had access to the cameras and nobody had ever checked the camera footage as far as he knew.

**{¶24}** E.K.'s younger sister also testified, stating that she did not recall the summer months in question very well. She testified that the children usually took turns showering and that she would often go to her grandmother's house up the

street to swim. E.K.'s sister testified that she never saw E.K. together with the victims in the bathroom.

Analysis

**{¶25}** In arguing that the trial court's determination was against the weight of the evidence, E.K. argues that he presented "far more credible" evidence than the prosecution. (Appt.'s Br. at 10). The trial court specifically disagreed in its written entry, finding that E.K.'s testimony "was not credible" while the testimony of the victims was credible, particularly as they were consistent in the relevant details of the incidents themselves.

**{¶26}** E.K.'s father's testimony added little to the defense, only further emphasizing that the children were alone together during the summer providing E.K. the opportunity to commit the rapes. E.K.'s sister similarly indicated that she would leave the house and go to her grandmother's house up the street, further providing E.K. an opportunity to commit the offenses. It is also notable that E.K. committed the acts in one of the few rooms in the house that did not have cameras.

**{¶27}** Simply put, this is not one of the rare or exceptional instances where the evidence weighs heavily against the result. After reviewing the record, weighing the evidence and all reasonable inferences, we do not determine that the factfinder clearly lost its way and created a manifest miscarriage of justice. Therefore, E.K.'s second assignment of error is overruled.

*Conclusion*

**{¶28}** Having found no error prejudicial to E.K. in the particulars assigned and argued, his assignments of error are overruled and the judgment of the Paulding County Common Pleas Court, Juvenile Division, is affirmed.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlm**