[Cite as *In re T.M.*, 2025-Ohio-1132.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: T.M.

C.A. No.     24CA012101


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     20 JD 60578

DECISION AND JOURNAL ENTRY

Dated: March 31, 2025

---

CARR, Judge.

{¶1}    Appellant, T.M, appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division.  This Court affirms.

I.

{¶2}    This instant appeal arises out of the juvenile court's invocation of the adult portion of T.M.'s Serious Youthful Offender ("SYO") dispositional sentence.  This Court issued a prior decision in this matter, *In re T.M.*, 2023-Ohio-2804, (9th Dist.), where we set forth many of the pertinent procedural facts:

> In April 2021, T.M. was indicted on one count of complicity to aggravated robbery, one count of aggravated burglary, and one count of kidnapping, all first-degree felonies carrying a three-year gun specification.  The indictment also specified T.M. as a discretionary Serious Youthful Offender ("SYO").  As part of a plea agreement, T.M. pleaded guilty to one amended count of complicity to commit robbery in violation of R.C. 2911.02, a felony of the second degree, with an attendant one-year firearm specification as well as an SYO specification.  The State dismissed the remaining charges.
>
> The SYO dispositional hearing took place in October 2021.  On the juvenile portion of the disposition, T.M. was given a suspended commitment to the Ohio

Department of Youth Services and placed on probation. T.M.'s probation was ordered to be transferred to Cuyahoga County where she resided. On the adult portion of the sentence, T.M. received a stayed two to three-year sentence with an additional mandatory one-year for the gun specification to be served consecutively.

After T.M. was placed on probation, she was charged with a series of offenses. On November 3, 2021, T.M. was charged with felonious assault, felony two, discharge of a firearm, felony three, both with one-year, three-year, and five-year firearm specifications, and improperly handling firearms in a motor vehicle, felony four. That case was dismissed but T.M. was adjudicated [] delinquent in a separate case on the same date with a charge of unauthorized use of a motor vehicle, a first-degree misdemeanor. On November 30, 2021, T.M. appeared before the Cuyahoga County Juvenile Court for the disposition of the unauthorized use case. She was not placed on probation or given any supervision.

On November 9, 2021, a warrant was issued by the Cleveland police for T.M.'s arrest concerning an alleged aggravated robbery on November 2, 2021. On November 12, 2021, a second warrant was issued out of the Berea Municipal Court for T.M.'s arrest concerning an alleged misdemeanor theft in Strongsville on October 6, 2021.

On January 7, 2022, T.M. was indicted in Cuyahoga County for the murder of a Cleveland police officer during a carjacking that took place on December 31, 2021. On January 11, 2022, T.M. was indicted in Cuyahoga County for the alleged aggravated robbery that occurred on November 2, 2021, in Cleveland. The charges included aggravated robbery, kidnapping, felonious assault, having weapons under disability, and improperly handling firearms in a motor vehicle.

On February 7, 2022, T.M. was indicted in Cuyahoga County for an alleged arson, felony four, that occurred on November 12, 2021, where she was accused of intentionally setting the victim's car on fire. On April 12, 2022, T.M. was indicted for an alleged robbery where the victim was held at gunpoint and struck by the vehicle that T.M. was driving as she fled. Charges included aggravated robbery, kidnapping, felonious assault, having weapons under disability, and improperly handling firearms in a motor vehicle.

Regarding the transfer of T.M.'s probation, the Cuyahoga County Administrative Judge sent a letter dated December 6, 2021, to the Lorain County Juvenile Court stating that it received T.M.'s case, but that it would not be accepted for probation transfer under R.C. 2151.271 because T.M. did not have any pending cases in Cuyahoga County.

On January 5, 2022, the juvenile court filed a judgment entry pursuant to R.C. 2152.14(B) requesting the State to file a motion to invoke the adult portion of T.M.'s SYO dispositional sentence. R.C. 2152.14(B) provides in relevant part that "the juvenile court that imposed the serious youthful offender dispositional sentence on the person . . . may request the prosecuting attorney of the county in

which is located the juvenile court to file a motion with the juvenile court to invoke the adult portion of the dispositional sentence."

After the State declined to file the requested motion, the juvenile court filed another judgment entry on January 19, 2022, announcing its intent to sua sponte hold a hearing on the invocation of the adult sentence pursuant to R.C. 2152.14(C). Under R.C. 2152.14(C),

> If the prosecuting attorney declines a request to file a motion that was made by the juvenile court under division (B) of this section or fails to act on a request from the court under that division within a reasonable time, the juvenile court may hold the hearing described in division (D) of this section on its own motion.

On April 28, 2022, the juvenile court filed a notice pursuant to R.C. 2152.14(B), that the adult portion of T.M.'s SYO dispositional sentence may be invoked for the following reasons:

> (1) There is reasonable cause to believe that [T.M.] has committed an act that is a violation of the conditions of supervision and that could be charged as a felony if committed by an adult; and
>
> (2) [T.M.] has engaged in conduct that creates a substantial risk to the safety or security of the community or of the victim.

The juvenile court held a hearing on May 5, 2022. The State, T.M.'s counsel, the Guardian Ad Litem ("GAL"), T.M.'s mother, and T.M. were present. The juvenile court called George Harris, a member of the Lorain County Probation Department, to give a report. His report included a recitation of the aforementioned criminal offenses that T.M. had allegedly committed since the issuance of her SYO sentence. The GAL gave her recommendation that the court should not invoke the SYO portion of T.M.'s sentence. T.M.'s mother also addressed the court and requested that T.M. remain in the juvenile system in order to have access to mental health services. The juvenile court gave T.M. the opportunity to speak but she declined to do so. None of the testimony adduced during the hearing was made under oath.

The juvenile court then announced its decision to invoke the adult portion of T.M.'s SYO dispositional sentence and imposed the stayed adult sentence of three to four years' imprisonment. In so doing, the court told T.M. "you have violated the terms of your probation and serious youth offender juvenile disposition. You have double downed on your criminal behaviors, and you have shown this Court that you cannot be rehabilitated in the juvenile court system."

The juvenile court issued its written sentencing entry the same day, stating that it found by clear and convincing evidence that T.M. satisfied the factors set forth in R.C. 2152.14(E)(1)(a), (b), and (c), and invoked the SYO dispositional sentence.

*Id*. at ¶ 2 - ¶ 14.

**{¶3}** On appeal, T.M. argued that there was no evidentiary basis from which the trial court could have found by clear and convincing evidence that T.M. had engaged in further bad conduct pursuant to R.C. 2152.14(E)(1)(c). *Id*. at ¶ 18-19. This Court reversed the judgment on the basis that the juvenile court "erred in relying on pending charges and hearsay evidence to make the required findings by clear and convincing evidence under R.C. 2152.14(E)(1). *Id*. at ¶ 28. In reaching this conclusion, this Court observed that "[a]lthough the allegations charged against T.M. are egregious, and a tragedy has indeed occurred, we must recognize they were unsworn allegations at the time of the hearing." *Id*. at ¶ 27. This Court vacated the sentence and remanded for further proceedings consistent with our decision. *Id*. at ¶ 28.

**{¶4}** During the pendency of T.M.'s appeal, T.M. was convicted of numerous offenses in three separate cases in Cuyahoga County. On remand, the juvenile court set the matter for a hearing and filed notice pursuant to R.C. 2152.14(B) that the adult portion of T.M.'s SYO dispositional sentence may be invoked. The State joined in the motion to invoke the adult portion of the SYO dispositional sentence. T.M. filed a motion to dismiss the motion to invoke the SYO portion of her sentence. After several continuances, the matter proceeded to a hearing on February 15, 2024, where a number of witnesses gave testimony. After the hearing, the juvenile court issued a journal entry denying T.M.'s motion to dismiss and, after setting forth the requisite findings, invoking the adult portion of T.M.'s SYO dispositional sentence.

**{¶5}** On appeal, T.M. raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE LOWER COURT ERRED WHEN IT INVOKED T.M.'S ADULT
SENTENCE BECAUSE IT LACKED STATUTORY AUTHORITY TO DO SO.

{¶6} In her sole assignment of error, T.M. argues that the trial court lacked statutory

authority to invoke the adult portion of her SYO dispositional sentence. T.M. maintains that the

juvenile court failed to satisfy the requirements of R.C. 2152.14(E)(1)(a) and (b).

{¶7} R.C. 2152.14(E)(1) provides as follows:

The juvenile court may invoke the adult portion of a person's serious youthful
offender dispositional sentence if the juvenile court finds all of the following on the
record by clear and convincing evidence:

(a) The person is serving the juvenile portion of a serious youthful offender
dispositional sentence.

(b) The person is at least fourteen years of age and has been admitted to a
department of youth services facility, or criminal charges are pending against the
person.

(c) The person engaged in the conduct or acts charged under division (A), (B), or
(C) of this section, and the person's conduct demonstrates that the person is unlikely
to be rehabilitated during the remaining period of juvenile jurisdiction.

{¶8} With respect to R.C. 2152.14(E)(1), the clear-and-convincing evidence standard

has been applied as follows:

Because the invocation proceeding is not a criminal proceeding, the fact-finding
need not be according to the beyond-a-reasonable-doubt standard required in
criminal trials. The clear-and-convincing-evidence standard allowed by R.C.
2152.14(E)(1) is less rigorous, though stronger than a mere preponderance-of-the-
evidence standard. We have stated that clear and convincing evidence is that which
will produce in the mind of the trier of facts a firm belief or conviction as to the
facts sought to be established. The standard requires the judge to have a firm belief
or conviction about the facts adduced.

(Internal quotations and citation omitted.) *In re J.V.*, 2012-Ohio-4961, ¶ 20.

{¶9}    In T.M.'s prior appeal, this Court determined that the dispositive issue before the Court was whether there was clear and convincing evidence that T.M. had engaged in further bad conduct pursuant to R.C. 2152.14(E)(1)(c). *In re T.M.*, 2023-Ohio-2804, at ¶ 18 (9th Dist.).  In the instant appeal, T.M.'s argument pertains to R.C. 2152.14(E)(1)(a) and (b).  In her merit brief, T.M. argues that "neither the juvenile court through its motion, nor the State through its joinder on the motion, proved by clear and convincing evidence that T.M. 'is serving' the juvenile portion of her SYO sentence, that she has been admitted to a DYS facility, or that criminal charges are currently pending against her."

Background

{¶10}    At the outset of the February 15, 2024 hearing, the juvenile court set forth the procedural history of this case.  The trial court detailed the events leading up to its decision to conduct a SYO dispositional hearing on October 28, 2021.  The juvenile court stated that, at that time,

> [T.M.] was given a permanent commitment to the Ohio Department of Youth Services. That commitment was suspended.  [T.M.] was placed on probation.  That probation was to be transferred to the Cuyahoga County Juvenile Court and Juvenile Probation Department, as that was her county of residence. . . . The Court will note that the case plan - -  a case plan was attached to the juvenile disposition entry and was signed by the juvenile, her mother, and the Lorain County juvenile probation officer on the date of the disposition.  The Court also imposed an adult sentence, which was stayed. . . . [T]here was a journal entry sent by the Lorain County Juvenile Court sending the case to the Cuyahoga County Juvenile Court, transferring [T.M.'s] probation to her county of residence.  In late 2021, the Lorain County Juvenile Court received a letter from the Cuyahoga County Juvenile Court stating that it would not be accepting [T.M.'s] transfer of probation.

{¶11}    The juvenile court explained that the initial motion to invoke the adult portion of SYO dispositional sentence followed T.M.'s highly publicized arrest where she charged with the murder of an off-duty police officer on December 31, 2021.  After a hearing on May 5, 2022, the juvenile court issued a judgment entry invoking the adult portion of the SYO dispositional

sentence. The juvenile court further noted that "the Ninth District Court of Appeals reversed the juvenile court's decision invoking the adult portion of the juvenile's SYO disposition sentence, and remanded the matter back to the juvenile court." On remand, the juvenile court again moved to possibly invoke the SYO sentence and the State joined in that motion.

{¶12} Two days before the February 15, 2024 hearing, T.M. filed both a motion to dismiss the possible invocation of the adult portion of the SYO sentence, as well as a motion to continue the hearing so that there would be time to adjudicate the motion to dismiss. In the motion to dismiss, T.M. argued that the State could not satisfy the requirements of R.C. 2152.14(E)(1)(a) and (b).[1] At the hearing, the State expressed frustration with the late filing of the motion to dismiss and suggested that a continuance might be appropriate, given that the State was only prepared to "argue generalities" in regard to the issues raised in the motion to dismiss. The trial court denied the motion for a continuance, noting that all of the witnesses had appeared as scheduled and, further, that there were significant expenses associated with transporting T.M. to Lorain County for the hearing. The trial court further indicated that it would allow supplemental briefing if the parties were not able to adequately address the pertinent issues during their oral arguments at the hearing.

{¶13} Prior to calling witnesses, the parties stipulated to the admission of several exhibits, including the October 28, 2021 dispositional/sentencing entry, T.M.'s case plan, and the order where the Lorain County Juvenile Court transferred T.M.'s probation to Cuyahoga County. The stipulated exhibits also included judgment entries from three criminal cases in the Cuyahoga County Court of Common Pleas where T.M. was convicted of felonies in 2022.

---

[1] T.M. also raised a challenge to the constitutionality of R.C. 2152.14(C) that is not relevant to this appeal.

{¶14} Two witnesses testified at the hearing. The first was the probation supervisor for the investigation and referral team at the juvenile court in Lorain County. The second witness was a probation officer at the juvenile court who was involved with T.M.'s case. Both the probation supervisor and the probation officer testified that T.M. was placed on probation following the SYO dispositional hearing in 2021. In addition to discussing the development of T.M.'s case plan, both the probation supervisor and the probation officer testified that a determination was made that T.M.'s probation should be transferred to Cuyahoga County, and that the juvenile court issued an order to that effect shortly after the dispositional hearing. Although the probation officer attempted to contact T.M. at the time the case was transferred, she was unable to reach T.M. Around the time that the probation officer learned that Cuyahoga County had denied the transfer request, the probation officer also learned, via news reports, that T.M. had engaged in conduct that would constitute a violation of her probation. When T.M. was subsequently convicted of serious crimes in three separate criminal cases in Cuyahoga County, including one case where T.M. was convicted of aggravated murder, the probation officer obtained certified copies of the judgment entries in those cases. The probation officer further testified that, in the Cuyahoga County cases, T.M. received an aggregate sentence of life with the possibility of parole after 47 years.

{¶15} At the close of the evidence, the juvenile court allowed the parties to make oral arguments pertaining to the motion to dismiss. T.M.'s first argument was that she was not currently serving the juvenile portion of an SYO sentence, as required by R.C. 2152.14(E)(1)(a). T.M. argued that, as of the date of the hearing, she was no longer serving a juvenile sentence and was instead serving a sentence at a Department of Rehabilitation and Correction ("DRC") facility in relation to her convictions in the Cuyahoga County Court of Common Pleas. T.M. further suggested that while the juvenile court attempted to place her on probation, Cuyahoga County

denied the transfer and the term of probation never commenced. T.M.'s second argument was that the requirements of R.C. 2152.14(E)(1)(b) could not be satisfied because there were no charges pending against her at the time of the second dispositional hearing and she was currently serving a sentence at a DRC facility, not a department of youth services facility.

{¶16} In response, the State argued that T.M. had mischaracterized this Court's 2023 decision, emphasizing that the matter was reversed and remanded due to evidentiary concerns pertaining to R.C. 2152.14(E)(1)(c). The State argued that Cuyahoga County's denial of the probation transfer did not invalidate the juvenile court's probation order, and that the probation order continued to remain in effect, even though T.M. was serving a prison sentence in a DRC facility. With respect to R.C. 2152.14(E)(1)(b), the State argued that the appropriate consideration was whether there were criminal charges pending against T.M. when the juvenile court first sought to invoke the adult portion of the SYO sentence, not whether the charges remained pending after this Court's remand order.

{¶17} At the close of the hearing, the trial court denied the motion to dismiss. The trial court noted that this case presented difficult circumstances from a timing standpoint because T.M. engaged in criminal conduct just days after the juvenile court placed her on probation. The trial court concluded, "I do not believe that a strict reading of the verbiage in [R.C. 2152.14(E)(1)(b)] restricts the [juvenile court] from hearing a motion to invoke or possibly invoke a juvenile's disposition sentence to say the youth has to be currently serving her dispositional sentence first."

{¶18} On the same day as the hearing, the trial court issued a journal entry denying the motion to dismiss. The trial court further ordered the invocation of the adult portion of T.M.'s SYO dispositional sentencing based on its findings that the State had presented clear and convincing evidence to satisfy the requirements of R.C. 2152.14(E)(1)(a)-(c).

Discussion

{¶19}  On appeal, T.M. argues that the trial court was without authority to invoke the adult portion of T.M.'s SYO dispositional sentence because there was not clear and convincing evidence presented at the dispositional hearing to satisfy the requirements of R.C. 2152.14(E)(1)(a) and (b).

{¶20}  In regard to R.C. 2152.14(E)(1)(a), T.M. argues that she never actually began serving the juvenile portion of her SYO dispositional sentence due to Cuyahoga County's decision to block the transfer of her juvenile probation.  T.M. further notes that, by the time the juvenile court held the second dispositional hearing in February 2024, she had already started serving her prison term in a DRC facility pursuant to her criminal convictions in the Cuyahoga County Court of Common Pleas.

{¶21}  T.M.'s argument pursuant to R.C. 2152.14(E)(1)(a) is without merit.  In its October 28, 2021 judgment entry, the juvenile court ordered that T.M. receive "a permanent commitment to the Ohio Department of Youth Services with the execution of said commitment suspended." The juvenile court further ordered that T.M. "shall be placed on probation and supervision of [T.M.] shall be transferred to Cuyahoga County where [T.M.] resides."  The juvenile court promptly issued an order transferring T.M.'s probation to Cuyahoga County.  The letter informing the juvenile court that Cuyahoga County had denied the transfer request, dated December 6, 2021, was not journalized until January 3, 2022.  At the hearing discussed above, the probation officer testified that she attempted to stay in contact with T.M. during the transfer process, although she was unsuccessful.  The probation officer further testified that by the time she learned that Cuyahoga County had denied the probation transfer request, T.M. had already engaged in the conduct that would ultimately lead to her convictions in the Cuyahoga County Court of Common Pleas.  In light of that conduct, the juvenile court initiated the process to possibly invoke the adult

portion of T.M.'s SYO dispositional sentence in January 2022. Notably, the juvenile court's probation order remained in effect at the time it sought to invoke the adult portion of the SYO dispositional sentence. *See In re J.F.*, 2009-Ohio-318, ¶ 13. Accordingly, this case does not involve a scenario where T.M. was not serving the juvenile portion of her SYO dispositional sentence. Instead, T.M. was unable to make progress on her juvenile probation case plan due to the close proximity in time between the date of the juvenile court's probation order and the time that T.M. engaged in conduct that caused the trial court to invoke the adult portion of her SYO dispositional sentence. Under these circumstances, the record does not support T.M.'s argument that there was not clear and convincing evidence to support the trial court's finding pursuant to R.C. 2152.14(E)(1)(a).

{¶22} With respect to R.C. 2152.14(E)(1)(b), T.M. argues that she was never admitted to a department of youth services facility and that, as of the date of the second hearing, there were no longer criminal charges pending against her.

{¶23} T.M.'s argument with respect to R.C. 2152.14(E)(1)(b) is also without merit. There is no dispute that there were criminal charges pending against T.M. at the time the juvenile court held the May 5, 2022 hearing to possibly invoke the adult portion of T.M.'s SYO dispositional sentence. Although this Court reversed the juvenile court's May 5, 2022 judgment, this Court's decision was not predicated on the trial court's application of R.C. 2152.14(E)(1)(b). *In re T.M.*, 2023-Ohio-2804, at ¶ 18 (9th Dist.) ("T.M. does not advance an argument pertaining to prong (b) of the statute."). "It is basic law that an action of the Court of Appeals in reversing the cause and remanding the case to the Court of Common Pleas for further proceedings has the effect of reinstating the cause to the Court of Common Pleas *in statu quo ante*. The cause is reinstated on the docket of the court below in precisely the same condition that obtained before the action that

resulted in the appeal and reversal." (Internal citations and quotations omitted.) *Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418 (1987). "[U]pon remand from an appellate court the lower court is required to proceed from the point at which the error occurred." *Id.*, citing *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113 (1982). Although this Court reversed the May 5, 2022 judgment based on evidentiary issues at the hearing pertaining to R.C. 2152.14(E)(1)(c), this Court specifically noted the existence of pending charges against T.M. and "remanded [the case] to the trial court for further proceedings consistent with this opinion." *In re T.M.* at ¶ 28. Accordingly, as the trial court was required to proceed from the point at which the error occurred, the trial court did not err in concluding on remand that there was clear and convincing evidence to satisfy the pending charges requirement in R.C. 2152.14(E)(1)(b).

{¶24} Furthermore, the doctrine of res judicata bars a party from raising an issue that was either litigated or could have been litigated in a prior proceeding. *C.K. v. D.K.*, 2022-Ohio-647, ¶ 22 (9th Dist.). Under the doctrine of res judicata, T.M. is prohibited from raising her argument pertaining to R.C. 2152.14(E)(1)(b) at this juncture because she declined to contest the judgment on that basis at the time of her first appeal.

{¶25} T.M.'s sole assignment of error is overruled.

III.

{¶26} T.M.'s assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

LAUREN HAMMERSMITH and VICTORIA FERRY, Attorneys at Law, for Appellant.

TONY CILLO, Prosecuting Attorney, and MARK ANTHONY KOZA, Assistant Prosecuting Attorney, for Appellee.